1  JOSEPH REICHMANN (SBN 29324)
   YAGMAN & REICHMANN
2  475 Washington Boulevard
   Venice Beach, California 90292-5287
3   (310) 452-3200

4  Presented on behalf of plaintiff,
   Stephen Yagman, in his class
5  representative capacity only

6  STEPHEN YAGMAN
   475 Washington Boulevard
7  Venice, California 90292-5287
   (310) 452-3200
8
9  Presented on behalf of plaintiff,
   Stephen Yagman, in his
10 individual capacity only

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13                   **WESTERN DIVISION**

| | |
|---|---|
| **STEPHEN YAGMAN,** | |
| Plaintiff, | **COMPLAINT** |
| v. | (Damages, declaratory, and injunctive relief pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 1961, *et seq.,* and class action allegations) |
| **ERIC GARCETTI, GILBERT CEDILLO, PAUL KREKORIAN, BOB BLUMENFIELD, TOM LaBONGE, PAUL KORETZ, NURY MARTINEZ, FELIPE FUENTES, BERNARD PARKS, CURREN PRICE, Jr., HERB WESSON, Jr., MIKE BONIN, MITCHELL ENGLANDER, MITCH O'FARRELL, JOSE HUIZAR, JOE SUSCANIO, GEORGE E. MOSS, GRACE EUNKYUNG YOO, ROB CARPENTER, DAVID MALCOLM CARSON, JAIME JESUS RODRIGUEZ, STEPHANIE RODRIGUEZ, DANA MATTHEW PERLMAN, JANNY H. KIM, JOHN LY, ERIC EISHENBERG, BRYAN KANG, JAIME de la VEGA, SELWYN HOLLINS, DETRICH ALLEN, ROBERT** | **JURY DEMAND** |

**ANDALON, GREG SAVELLI, JOHN FICKE, SHARON LOUIS JACOBUCCI, RODRIGUEZ 2949, and UNKNOWN NAMED DEFENDANTS 1-20,**

Defendants.

Plaintiff makes the following allegations in support of his complaint:

## JURISDICTION AND VENUE

1.  Plaintiff asserts federal claims against defendants pursuant to 42 U.S.C. § 1983 and 18 U.S.C.  § 1961, *et seq.,* and therefore the court has jurisdiction to 28 U.S.C. § 1331 and 1334.

2.  Since the claims all arose in the Central District of California, therefore venue lies in the Central District of California.

## THE PARTIES

3. Plaintiff  is **STEPHEN YAGMAN** who is a citizen of the United States of America, and defendants are identified as follows: **ERIC GARCETTI, GILBERT CEDILLO, PAUL KREKORIAN, BOB BLUMENFIELD, TOM LaBONGE, PAUL KORETZ, NURY MARTINEZ, FELIPE FUENTES, BERNARD PARKS, CURREN PRICE, Jr., HERB WESSON, Jr., MIKE BONIN, MITCHELL ENGLANDER, MITCH O'FARRELL, JOSE HUIZAR, JOE SUSCANIO, GEORGE E.  MOSS, GRACE EUNKYUNG YOO, ROB CARPENTER, DAVID MALCOLM CARSON, JAIME JESUS RODRIGUEZ, STEPHANIE RODRIGUEZ, DANA MATTHEW PERLMAN, JANNY H.  KIM, JOHN LY, ERIC EISHENBERG, BRYAN KANG, JAIME de la VEGA, SELWYN HOLLINS, DETRICH ALLEN, ROBERT ANDALON, GREG SAVELLI, JOHN FICKE**, **SHARON L.  JACOBUCCI, RODRIGUEZ  2949**, all of whom are employees of the City of Los Angeles, and Unknown Named Defendants 1-20, are persons and/or entities whose true names

presently are unknown and who engaged in some conduct that is culpable with respect to plaintiff, as set forth hereinbelow.  Each defendant is sued in both his or her official and individual capacity.

## ALLEGATIONS COMMON TO EACH COUNT

4.  Each and every allegation set forth in each and every averment of this pleading hereby is incorporated by this reference in each and every other averment and allegation of this pleading.

5.  Each plaintiff was deprived of an interest protected by the Constitution and/or laws of the United States of America, and each and every defendant caused, by commission or omission, such deprivation while acting under color of law.

6.  On September 9, 2015, plaintiff legally parked his vehicle outside 475 Washington Boulevard, in Venice, California.

7.  On that date, at 10:40 a.m., defendant Rodriguez 2949 issued parking violation citation 4265637622 to plaintiff's vehicle, citing it for "meter exp.," indicating "amount due:  $63.00."

8.  In fact, the vehicle was not illegally parked at an expired meter.

9.  Plaintiff contested the citation, to no avail.

10. Defendants refused plaintiff's request for a hearing and sought to extort from plaintiff an "administrative fee" of $25.00, which plaintiff refused to pay.

12. On November 10, 2015, plaintiff requested that Garcetti provide plaintiff with a hearing, and on January 14, 2016, Garcetti blew off plaintiff's request.

13. On December 18, 2015, defendants sought to extort $151.00 from plaintiff and plaintiff was extorted to pay that sum on December 30, 2015.

14. Defendants never provided a hearing to plaintiff.

15.  Contrary to state law and the due process created by that state law, Cal. Veh.  Code § 40215(a), instead of the agency who issued the citation conducting an initial review of the citation, the agency contracted out to a private processing

agency, Xerox Business Services, LLC ("Xerox"), the purported initial review of the citation.

16. Defendants previously had engaged in the same extortionate and unlawful conduct on at least two, prior occasions with respect to plaintiff.

17.  Defendants' "initial review" of the citation, therefore, was a legal nullity and resulted in there having been no "initial review."

18.  Defendants thereafter imposed as a condition precedent on plaintiff in order for plaintiff to obtain what in fact and in law was the "initial review," required plaintiff first to pay the citation fine, and this violated due process.

19.  When a state has a process for its municipalities to follow and one of its municipalities fails and refuses to accord the benefit of that process, then there is a violation of due process because the due process is denied.

20.  When defendants, as here, ignore state law and refuse to provide process that the state requires, then defendants violate due process:  defendants are required to be in full compliance with state law and follow it to the letter when state law requires that there be a hearing.

21.  Under California law, defendants are not free to conduct a governmental review that is required to be conducted by the government by contracting out that review to a non-governmental entity.

22.  Defendants and each of them required that in order to have the hearing on the citation that plaintiff requested plaintiff first was required to pay $63.00.

23. Plaintiff requested of defendants that he be provided a hearing without being required to pay $63.00.

24.  Defendants refused to provide a hearing to plaintiff without plaintiff first paying $63.00.

25.  Defendants refused to provide a hearing to plaintiff without plaintiff first paying $63.00.

4

26.  Plaintiff paid the $151.00 to obtain an initial hearing.

27.  Plaintiff never was provided with any hearing at all.

28.  On May 21, 2012, plaintiff was issued parking violation citation 2118937435.

29.  Plaintiff contested this citation.

30.  Contrary to state law and the due process created by that state law, Cal. Veh.  Code § 40215(a), instead of the agency who issued the citation conducting an initial review of the citation, the agency contracted out to a private processing agency, Xerox Business Services, LLC ("Xerox"), the purported initial review of the citation.

31.  Defendants' "initial review" of the citation, therefore, was a legal nullity and resulted in there having been no "initial review."

32.  Defendants thereafter imposed as a condition precedent on plaintiff in order for plaintiff to obtain what in fact and in law was the "initial review," required plaintiff first to pay the citation fine, and this violated due process.

33.  When a state has a process for its municipalities to follow and one of its municipalities fails and refuses to accord the benefit of that process, then there is a violation of due process because the due process is denied.

34.  When defendants, as here, ignore state law and refuse to provide process that the state requires, then defendants violate due process:  defendants are required to be in full compliance with state law and follow it to the letter when state law requires that there be a hearing.

35.  Under California law, defendants are not free to conduct a governmental review that is required to be conducted by the government by contracting out that review to a non-governmental entity.

36.  Defendants, except Jacobucci, required that in order to have the hearing on the citation that plaintiff requested plaintiff first was required to pay $68.00.

37.  Plaintiff requested of defendants that he be provided a hearing without plaintiff first paying $68.00.

38.  Defendants refused to provide a hearing to plaintiff without plaintiff first paying $68.00.

39.  On August 5, 2013, plaintiff legally parked his vehicle outside 723 Ocean Front Walk, in Venice, California.

40.  On that date, at 2:21 p.m., defendant Jacobucci issued parking violation citation 4213728971 to plaintiff's vehicle, citing it for "no parking," indicating "amount due:  $73.00."

41.  In fact, the vehicle was not parked where parking was not permitted.

42.  Plaintiff contested the citation.

43.  Contrary to state law and the due process created by that state law, Cal. Veh.  Code § 40215(a), instead of the agency who issued the citation conducting an initial review of the citation, the agency contracted out to a private processing agency, Xerox Business Services, LLC ("Xerox"), the purported initial review of the citation.

44.  Defendants' "initial review" of the citation, therefore, was a legal nullity and resulted in there having been no "initial review."

45.  Defendants thereafter imposed as a condition precedent on plaintiff in order for plaintiff to obtain what in fact and in law was the "initial review," required plaintiff first to pay the citation fine, and this violated due process.

46.  When a state has a process for its municipalities to follow and one of its municipalities fails and refuses to accord the benefit of that process, then there is a violation of due process because the due process is denied.

47.  When defendants, as here, ignore state law and refuse to provide process that the state requires, then defendants violate due process:  defendants are required

to be in full compliance with state law and follow it to the letter when state law requires that there be a hearing.

48.  Under California law, defendants are not free to conduct a governmental review that is required to be conducted by the government by contracting out that review to a non-governmental entity.

49.  Defendants and each of them required that in order to have the hearing on the citation that plaintiff requested plaintiff first was required to pay $73.00.

50.  Plaintiff requested of defendants that he be provided a hearing without being required to pay $73.00.

51.  Defendants refused to provide a hearing to plaintiff without plaintiff first paying $73.00.

52.  Plaintiff paid the $73.00 to obtain a hearing.

53.  A hearing was held and plaintiff prevailed.

54.  All acts and/or omissions perpetrated by each defendant were engaged in fraudulently, coercively, maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, and with evil motive and/or intent, in disregard of the rights of plaintiff.

55-146. Reserved.

**COUNT 1**

147.  In doing and failing to do the things hereinabove alleged, defendants and each of them acted under color state and municipal law and violated the due process provided for by state law in refusing that the parking citation issuing entity itself conduct an initial review of parking citations issued by the City of Los Angeles.

148.  Defendants' acts and/or omissions violated plaintiff's rights to procedural due process, the process provided by the State of California in its Vehicle Code § 40215(a), that requires an entity who issues a parking citing itself

conduct an "initial review" of contested citations, and to substantive due process, by taking plaintiff's property, in violation of the Fourteenth Amendment to the United States Constitution, so that plaintiff is entitled to relief pursuant to 42 U.S.C. § 1983.

## COUNT 2

149. Defendants initiated a prosecution of plaintiff.

150. There was no probable cause to initiate the prosecution of plaintiff.

151. The prosecution of plaintiff terminated favorably to plaintiff.

152. Defendants unlawfully took plaintiff's property, his funds, in connection with their prosecution of plaintiff.

153. Defendants violated plaintiff Fourth and Fourteenth Amendment rights for which plaintiffs sues under § 1983 by maliciously prosecuting plaintiff.

154. In doing and failing to do the things hereinabove alleged, defendants and each of them acted under color state and municipal law.

155. Defendants' acts and/or omissions violated plaintiff's rights to property and to due process of law, in violation of the Fourth and Fourteenth Amendments to the United States Constitution, so that plaintiff is entitled to relief pursuant to 42 U.S.C. § 1983.

## COUNT 3

156. As to Count 1, defendants agreed and/or understood that they all would do, or fail to do, the things set forth hereinabove and in that conspired to harm plaintiff by doing those things.

## COUNT 4

157. As to Count 2, defendants agreed and/or understood that they all would do, or fail to do, the things set forth hereinabove and in that conspired to harm plaintiff by doing those things.

## COUNT 5

158.  Each defendant in her or his official capacity knowingly, or grossly negligently, or with deliberate indifference to the rights allegedly violated, caused to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, and/or took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in this pleading, and/or improperly, inadequately, with deliberate indifference to the constitutional or other federal rights of persons, grossly negligently, with reckless disregard to constitutional or other federal rights, failed properly to train, to supervise, to retrain, if necessary, to monitor, or to take corrective action with respect to the police and with respect to the types of wrongful conduct alleged in this pleading, so that each one of them is legally responsible for all of the injuries and/or damages sustained by any plaintiff pursuant to the principles set forth in *Monell v. New York City Dept. of Social Services* and its progeny.

159. Defendants, other than Jacobucci, each and all were on notice that the wrongs hereinabove alleged were occurring and would continue to occur unless defendants took action to prevent them, and defendants failed and refused to take any action to prevent them.

### COUNT 6

160.  The defendants constitute an enterprise, within the meaning of 18 U.S.C. 1961(4).

161.  As regards the dealings alleged in the instant action, all defendants together are an enterprise, within the meaning of 18 U.S.C. § 1961(4).

162. The activities of all defendants affect interstate commerce.

163. Defendants received income, directly and/or indirectly, by way of, *inter alia*, salary, compensation, reimbursement for expenses, *per diem* costs reimbursements, meals, lodging, and/or travel, from the pattern of racketeering

activity alleged herein and used that income in the acquisition of an interest in and/or operation of the enterprise, in violation of 18 U.S.C. 1962(a), and acquired and/or maintained control over said racketeering enterprise through a pattern of racketeering activities, as set forth herein, in violation of 18 U.S.C. 1962(b).

164. Defendants, being associated with said enterprise, conducted and/or participated in said enterprise's affairs through a pattern of racketeering activities, in violation of 18 U.S.C. 1962(c).

165. The pattern of racketeering activities included a continuous pattern and practice potentially involving activities, including any potential civil RICO predicates, set forth in the RICO predicate statutes, including extortion and civil rights violations.

166. On information and belief, the enterprises' activities have occurred on more than one occasion over the past 10 years and have been done on numerous occasions and constitute at least three acts.

167. The bad acts described in the matters enumerated hereinabove occurred over a significant period of time, and are related in that they evidence civil RICO predicates, including at least fraud, wire fraud, mail fraud, extortion, and civil rights violations, and pose a threat of continued criminal activity, have the same or similar purposes, results, participants and kinds and categories of participants, victims, methods of commission, and are otherwise interrelated by their common characteristics and are not isolated events, and each and all constitute a continuing pattern of racketeering activity and constitute a long term threat of continuing racketeering activity.

168. These wrongful acts over a period of years and the bad acts alleged hereinabove enabled defendants to acquire and maintain, both directly and indirectly, interests in and control of the racketeering enterprises in which they all engage.

169. Defendants' activities led to their control and acquisition over their enterprise and resulted in the injuries to plaintiff, as alleged herein, which resulted from defendants' participation in and control of the enterprises.

170. By failing to prevent the wrongful conduct herein alleged, misconduct that amounted to racketeering activities, all managerial and non-managerial defendants engaged in and condoned racketeering activities.

171. The willful and/or negligent mismanagement of the enterprise for over 10 years, with knowledge by defendants charged with management and potentially other defendants that it was and continues to be operated as a RICO enterprise, directly caused the harm to plaintiff, as alleged herein.

172. The acquisition of control of the enterprise by its participants who engaged in RICO predicate acts harmed plaintiff.

173. The enterprise formed by the defendants herein is an are enterprise because it has an hierarchical structure and consensual structures for making decisions, and those structures have an existence beyond that which is necessary to commit the RICO predicate acts alleged herein, in that the hierarchical and consensual structures exist to accomplish doing business, and the structures for decision-making exist separate and apart from the racketeering activities.

174. Plaintiff was harmed in that his property, to wit, his money, was subjected to, affected by, and its value affected negatively by fraud, extortion, and civil rights violations.

175. Both directly and indirectly, defendants in the acts and instances alleged herein, and others, have conducted the RICO enterprise's affairs and have, as a matter of fact, participated in the operation and *de facto* management of the RICO enterprise.

176. By the conduct alleged herein, each defendant participated in the operation and management of the RICO enterprise himself and herself and played some part in directing its affairs.

177. Plaintiff was injured in his property by reason of the conduct against him, as set forth hereinabove.

178. Plaintiff has suffered a material diminishment in the value of his property, to wit, his money.

179. Defendants unlawfully have engaged in the racketeering activities set forth in the preceding averments and, on information and belief, on numerous occasions, during the past 10 years and before that, through a pattern of racketeering activity, and have acquired, directly and indirectly, control of the named enterprise.

180. Defendants, who either are officers, officials, are employed by or who are associated with the racketeering enterprise, have conducted that enterprise through a pattern of racketeering activity, as set forth hereinabove.

181. Through a pattern of racketeering activities, as set forth hereinabove, defendants, and each of them, acquired and/or maintained, directly and/or indirectly, interests in and/or control of the RICO enterprise and their activities by, among other things, their own aggrandizement that flows therefrom.

182. By virtue of the allegations set forth hereinabove, some defendants were or are employed by, all defendants were or are associated with, and all defendants participated in, directly and/or indirectly, the RICO enterprise.

183. Defendants unlawfully have conspired, as set forth hereinabove, to violate the provisions of 18 U.S.C. 1962(b), (c), and (d), and, on information and belief, continued to do so with the aid and assistance of co-conspirators

184. Plaintiff was injured in his property by reason thereof, and plaintiff is entitled to damages, to be trebled.

**CLASS ACTION ALLEGATIONS**

185. Plaintiff is a member of, and represents, a class whose defining characteristics are:  persons who were issued parking violation citations within the City of Los Angeles from March 29, 2012 to present and who were required to pay the amount of the citation in order to obtain a hearing on the validity of the citation.

187-200.  Reserved.

201.  The class contains over 1,000 members, and so numerous so that joinder of all members would be impracticable, and also, because only defendants know the names of all of the members of class, and defendants and are the only persons who have information sufficient to identify all the members of class, it is impracticable to join all the members of the class in this action.

202.  As to the class, there are only common questions of fact and  law with respect to the class and all of its members.

203. The claims made by the representative party, the plaintiff, is typical and is the same as the claims of each of the class members.

204. The representatives of the class fairly will represent and adequately protect the interests of all class members, and will do so both vigorously and zealously.

205. Prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to class members, which would establish incompatible standards for parties opposing the class, and defendants have acted and will continue to act on grounds generally applicable to every class member, and the class questions not only predominate but are the only questions that exist.

206. Therefore, this action is maintainable under F.R. Civ. P. Rule 23(a), & (b)(1)(A),(B)(1),(2), and (3).

13

207. Presently, it is not possible accurately to measure the size of the class.

208. The nature of the notice to be provided to class members should be as follows:  defendants should be required to identify and to provide a suitable notice to all class members, so that all class members will have notice that there is a class to which they may belong and which provides them an opportunity to opt-out of any of the class.

209-219.  Reserved.

## OTHER CLAIMS FOR RELIEF
## DECLARATORY RELIEF

220. Declaratory relief, pursuant to 28 U.S.C.  §2201, is sought against all defendants to declare unconstitutional and/or illegal the alleged wrongful conduct described in each Count.

## INJUNCTIVE RELIEF

221. Injunctive relief under 28 U.S.C.  § 1361 is sought against defendants to declare unconstitutional and/or illegal the alleged wrongful conduct described in each Count and to prohibit the recurrence of such conduct.

## INJUNCTIVE RELIEF

223. Injunctive relief under 28 U.S.C.  § 1651 is sought against defendants to declare unconstitutional and/or illegal the alleged wrongful conduct described in each Count and to prohibit the recurrence of such conduct.

224.  Injunctive relief also is sought to prohibit defendants or any of their employees, agents, assigns, factotums, or contractors from holding or purporting to hold "initial reviews" of challenges to parking citations unless a City of Los Angeles employee conducts any such review, and also prohibiting Xerox and any of its subcontractors from conducting any such review.

**WHEREFORE**, plaintiff requests relief against defendants, and each of them, as follows:

14

1.  General damages in sums to be determined;

2.  Punitive damages of $1,000,000.00 against each defendant, as well as a sum that is 100% of all monies forced by defendants to be paid by traffic citees in order to obtain a traffic citation hearing;

3.  Declaratory relief that only the City of Los Angeles or its employees may conduct the initial review of parking citations issued by the City of Los Angeles, and that such initial reviews may not be conducted by contractors for the City;

4. Declaratory relief that defendants' requirement that a traffic citee first must pay the amount of the citation in order to obtain a hearing is unconstitutional;

5.   Damages according to proof on the civil RICO claims, to be trebled;

6. Declaratory relief;

7. Injunctive relief;

8. Costs of suit;

9. Attorneys' fees;

10. Interest; and,

11. Such other relief as is just and proper.

**YAGMAN & REICHMANN**

By:___/s/___Joseph Reichmann
**JOSEPH REICHMANN**, for
Plaintiff in his class representative capacity only

_____
**STEPHEN YAGMAN**

**JURY DEMAND**

Plaintiff demands trial by jury of all issues.

15

**YAGMAN & REICHMANN**


By:   /s/   Joseph Reichmann

**JOSEPH REICHMANN**


**STEPHEN YAGMAN**